UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKKOLAS WREN KENNETH LOOKABILL; FRANK WESCOM, JR., parent and as Personal Representative of the Estate of NIKKOLAS LOOKABILL, deceased; and GAGE WESCOM,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VANCOUVER; Vancouver Police Officers FRANKLIN N. GOMEZ, SERGEANT JOHN DARREN SCHULTZ, GERARDO GUTIERREZ; and DOES 1-5 inclusive,<br><br>Defendants. | Case No. 3:13-cv-05461-RJB<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>(Jury Trial Demanded) |

## INTRODUCTION

1. Plaintiffs Frank Wescom, Jr., as parent and Personal Representative of the Estate of Plaintiff-Decedent Nikkolas Lookabill and Gage Wescom, as the blood brother of Lookabill, bring this civil rights action against the City of Vancouver, Washington, and

FIRST AMENDED COMPLAINT FOR DAMAGES - 1
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

individual officers involved with the shooting of Nikkolas Lookabill in the early morning of September 7, 2010.

2. Federal claims of wrongful death and survival are brought pursuant to 42 U.S.C. § 1983 against individual officers for being deliberately indifferent to Lookabill's life. Plaintiffs also allege federal claims against the supervisory officials and the City of Vancouver based on theories of supervisor and municipal liability for unconstitutional official policies, customs, and practices that violated decedent's constitutional rights.

## JURISDICTION

3. The jurisdiction of this Court over this Complaint is invoked pursuant to the provisions of 28 U.S.C. §§ 1331(a) and 1343(a)(1), (2), (3), and (4); the provisions of 42 U.S.C. §§ 1983 and 1988; and the Constitution of the United States, specifically the Fourth, Fifth, and Fourteenth Amendments thereto.

4. This Court has supplemental jurisdiction over the state claims by virtue of the fact that they arise out of the same transactions or series of transactions as do the claims alleged herein under federal and constitutional law.

## VENUE

5. All of the unlawful acts and practices alleged herein occurred in the City of Vancouver in Clark County. Thus, the Tacoma Courthouse is the appropriate forum for this matter.

## PARTIES

6. Plaintiff Nikkolas Wren Kenneth Lookabill, deceased, was a military veteran who served in the Oregon Army National Guard and had been deployed in Iraq with the 41st infantry for eight months. He was honorably discharged in April 2010. As a result of his

FIRST AMENDED COMPLAINT FOR DAMAGES - 2
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

time in Iraq, Lookabill had developed a very treatable, post traumatic mental illness that defendant officers were well aware of from prior contact in September 2010.

7. Plaintiff Frank Wescom, Jr. is the father in fact by conduct of the deceased Nikkolas Lookabill and is the Personal Representative of the deceased Estate.

8. Plaintiff Gage Wescom is the only blood brother of the deceased Nikkolas Lookabill.

9. Defendant City of Vancouver, Washington, is now, and at all times mentioned herein was, a governmental entity and a political subdivision of the State of Washington, duly organized and existing under the laws of the State of Washington.

10. Defendant Officer Franklin N. Gomez is an officer with the Vancouver Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Vancouver, Washington.

11. Defendant Officer John D. Shultz is a sergeant with the Vancouver Police Department and, in doing the things complained of herein, was acting as a supervisor and direct participant, and was acting under color of law and within the course and scope of his employment by defendant City of Vancouver, Washington.

12. Defendant Officer Gerardo Gutierrez is an officer with the Vancouver Police Department and, in doing the things complained of herein, was acting under color of law and within the course and scope of his employment by defendant City of Vancouver, Washington.

13. The true names or capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 5 are unknown to plaintiffs, who therefore sue said

**FIRST AMENDED COMPLAINT FOR DAMAGES - 3**
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiffs are informed and believe and thereon allege that Doe defendants are responsible in some manner for the events and happenings referred to and thereby proximately caused damages to plaintiffs as herein alleged.

14. Each defendant is, and at all times herein mentioned was, an agent of the other and acting within the course and scope of that agency in causing the harm as herein alleged. Further each defendant knew Lookabill, knew he was a military veteran, knew he was depressed but not violaent and knew that he suffered from a mental disease.

## ADMINISTRATIVE PROCEEDINGS

15. Within the statutory time period, specifically on April 4, 2013, plaintiffs filed a claim, arising out of the events alleged herein, against the City of Vancouver pursuant to RCW § 4.92.100. On June 3, 2013, the claim was rejected by operation of law because it was not responded to.

## STATEMENT OF FACTS

16. On September 7, 2010, at approximately 3:30 a.m., decedent Nikkolas Lookabill, a military veteran of Operation Iraqi Freedom who had been suffering from a post-traumatic mental illness, was walking south along Fruit Valley Road from NW 31st Street after an argument with his girlfriend. Lookabill was wearing a blue hoodie with a center pouch. He was headed to his mother's house, which was a few blocks away. While walking along the road, he was talking on his cell phone. As Lookabill passed a fence, he began making noise and barking at the neighborhood dogs.

**FIRST AMENDED COMPLAINT FOR DAMAGES - 4**
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

17. During the same time that Lookabill was walking, Kyle Tingley, Mitchell Tarbutton, and Brandon Presler were hanging out in the area. They yelled at Lookabill to shut up. Tarbutton threw a plastic bottle at Lookabill, startling him. Tingley then crossed the street and Lookabill asked them if they were friend or foe. Tingley went over to talk to Lookabill to find out what he wanted. Lookabill showed Tingley his gun, which was pointed down to the ground. Lookabill had a valid carry permit for the gun. Lookabill assured Tingley that there was no problem. The two shook hands.

18. While Tingley and Lookabill were talking, Presler got worried and called 9-1-1 to report the gun. Tingley walked back to the house. Lookabill put the gun back into his pocket and continued on his way. Just as Lookabill continued to walk south on Fruit Valley Road, an officer arrived and told Lookabill to put his hands in the air. Lookabill complied. The officer then told Lookabill to get on the ground until other officers arrived. Lookabill complied.

19. Lookabill was known to the police as suffering from depression, mental illness and military fatigue from previous encounters.

20. There were two to three police cars parked in a pattern at an angle near the house. The distance between Lookabill and the police cars was approximately ten to fifteen feet. Moments later, more police cars arrived on the other side (west side) of the road to block off the street. The officers drew their guns on Lookabill.

21. The officers ordered Lookabill to lie on the ground. When Lookabill first laid down, the road was a little damp from the rain earlier that day. Later while Lookabill was still on the ground, it began to rain again. Lookabill told the police to leave him alone and after about 5 minutes, Lookabill told the officers to take his gun away from him. The

FIRST AMENDED COMPLAINT FOR DAMAGES - 5
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

police asked where the gun was and Lookabill replied that it was underneath him and kept repeating his request for the officers to take the gun from him.

22. The officers never attempted to retrieve the gun from Lookabill while he was spread out eagle-style on the wet ground. They did not diffuse the danger or even move closer to try to remove the gun from Lookabill. Lookabill never reached for the gun nor made any threats of reaching for the gun. He rolled over at some point but never got up and his hands never went below the top of his chest. He kept asking the officers why they were not taking the gun away from him. He also told the officers that he will countdown and if the officers did not retrieve the gun from him, he will throw it out. Lookabill counted down but never reached for his gun. He would start the countdown again when the officers did not approach him to retrieve his gun. Lookabill also threatened to bang his head on the ground if the officers did not get the gun, which was located at his waistline the entire time.

23. About 35 minutes later, the officers fired 13 shots at Lookabill when he was still lying on the wet ground with his face to the floor. He was completely immobile after the first shot was fired and rolled over in obvious excruciating pain. The officers kept shooting at Lookabill in a rapid fire. Lookabill was shot three times. Then the three officers paused and decided to blow up his head, with what the officers described as a kill shot, to insure death and shot him four more times.

24. An officer then approached the immobile Lookabill, rolled him back on his stomach, handcuffed him, and patted him down. The officer proceeded to remove Lookabill's wallet. Lookabill died as a result of the gunshot wounds.

//

//

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 6
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

## FIRST CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Unreasonable Seizure against all defendants except City of Vancouver)**

25. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 24 with the same force and effect as if such paragraphs were separately realleged in this First Claim for Relief.

26. The actions of all defendant officers in detaining the decedent, for more than half an hour and keeping Lookabill face down in the rain was objectively unreasonable and deprived him of his Fourth Amendment right to be free from deprivations of liberty without due process of law.

27. Defendant officers, and each of them, subjected Lookabill to such deprivations by malice and a reckless and conscious disregard of his rights.

28. The direct and proximate result of each defendant's acts is that the decedent was forced to endure mental suffering and emotional distress and was deprived of his physical liberty—and then life.

## SECOND CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Unnecessary Force Prior to Death—Survivor against all defendants except City of Vancouver)**

29. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 28 with the same force and effect as if such paragraphs were separately realleged in this Second Claim for Relief.

30. The foregoing claim for relief arose in decedent Lookabill's favor, and the decedent would have been the plaintiff with respect to this claim for relief had he lived.

FIRST AMENDED COMPLAINT FOR DAMAGES - 7
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

31. Defendants Officers Franklin Gomez, John Shultz, and Gerardo Gutierrez in shooting Lookabill numerous times, and then shooting him again to make sure he was dead, deprived Lookabill of his constitutional right to be free from summary punishment and excessive force as well as his Fourth and Fourteenth Amendments rights. Defendants' wrongful acts caused Lookabill to suffer prior to his painfully excruciating death.

32. Defendants and each of them, subjected plaintiff to such deprivations by malice and/or a reckless and conscious disregard of plaintiff's statutory and constitutional rights.

33. Defendants' act is the direct and proximate result of Lookabill being forced to endure physical pain and suffering, mental suffering, emotional distress, and the incurring of medical and legal expenses. The conduct of each individually named officer was done in a reckless and conscious disregard of the pain and suffering it was bound to inflict upon Lookabill for which an award of punitive damages is mandated against each individual officer (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

### THIRD CLAIM FOR RELIEF

### (42 U.S.C. § 1983 – Wrongful Death)

34. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 33 with the same force and effect as if such paragraphs were separately realleged in this Third Claim for Relief.

35. Defendant officers, acting under color of state law, deprived decedent of his rights, privileges, and immunities as secured by the Constitution and laws of the United States, including those secured by the Fourth and Fourteenth Amendments, by,

FIRST AMENDED COMPLAINT FOR DAMAGES - 8
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

among other things, subjecting Lookabill to unnecessary and excessive force, and acting with deliberate indifference to Lookabill's medical needs. The foregoing wrongful acts of defendants killed Lookabill.

36. Plaintiffs are proper parties with standing pursuant to the R.C.W. (incorporated herein by virtue of 42 U.S.C. § 1988), to pursue their remedies for wrongful death, including pecuniary loss and other compensable injuries resulting from loss of society, comfort, attention, services, and support of decedent.

37. As a further proximate result of defendants' acts, as alleged above, plaintiffs have incurred expenses, including funeral and burial expenses, in an amount to be proven at trial.

38. In doing the foregoing wrongful acts, defendants, and each of them, acted in a reckless and callous disregard of decedent Lookabill and plaintiffs' constitutional rights.

39. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

### FOURTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Deprivation of the Rights of Plaintiffs to Familial Relationships with Decedent against all defendants except City of Vancouver)**

40. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 with the same force and effect as if such paragraphs were separately realleged in this Fourth Claim for Relief.

**FIRST AMENDED COMPLAINT FOR DAMAGES - 9**
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

41. Defendants, acting under color of state law, deprived plaintiffs of their rights to familial relationships in violation of the Fourth Amendment and without due process of law and in violation of the Fourteenth Amendment by use of unreasonable, unjustified force and violence, causing injuries which resulted in the decedent's death, all without provocation, and all in violation of rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments to the U.S. Constitution.

42. As a proximate result of the foregoing wrongful acts of defendants, and each of them, plaintiffs sustained general damages, including grief, emotional distress, pain and suffering, loss of comfort and society, and special damages, including loss of support, in an amount to be proven at trial.

43. In doing the foregoing wrongful acts, defendants, and each of them, acted in a reckless and callous disregard of plaintiffs' constitutional rights. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

## FIFTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Monell claim against all defendants except City of Vancouver)**

44. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 43 with the same force and effect as if such paragraphs were separately realleged in this Fifth Claim for Relief.

45. At all times herein mentioned, the City of Vancouver had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police

FIRST AMENDED COMPLAINT FOR DAMAGES - 10
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, the City of Vancouver failed to take necessary, proper, or adequate measures in order to prevent the violation of each plaintiff's rights. These officers knew that Lookabill was a troubled war veteran who suffered from Post Traumatic Stress Disorder ("PTSD") but was not violent or dangerous. The City of Vancouver had no policy or program in place that guided officers in detaining, arresting, or engaging persons suffering from mental illnesses.

46. Officers Franklin Gomez, John Shultz, and Gerardo Gutierrez's conduct described above shows that they do not know what constitutes imminent danger or know when it is appropriate to take a life by using deadly force as a result of inadequate training by the Vancouver Police Department. This inadequate training extended to a complete failure with respect to the mentally disabled and how to handle confrontations with depressed war veterans.

47. Policymakers for the City of Vancouver know to a moral certainty that their police officers will be required to decide when it is appropriate to use deadly force.

48. The City of Vancouver has no policy in place regarding contacts with mentally disabled war veterans and fails on a routine basis to consider their mental illness when apprehending them or in deciding to use force against them, including deadly force. The City of Vancouver also has no policy in place directing its police officers to know when it is appropriate to seize someone, and the City of Vancouver failed to train its officers in what type and amount of information is sufficient to create probable cause to allow for reasonable warrantless arrests and seizures.

49. Said lack of policy and failure to train has exposed those who are in compliance with the law to unreasonable seizures and others to an unreasonable use of force

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

by Vancouver police officers. Americans with disabilities are confronted in the same manner as all other citizens without regard to their mental illness.

50. Thus, the need to train officers in the constitutional limitations on reasonable seizures can be said to be "so obvious" that the failure to do so could properly be characterized as "deliberate indifference" to constitutional rights.

51. The City of Vancouver was deliberately indifferent to plaintiff Lookabill's constitutional rights as a citizen because it failed to adequately train its police officers, namely those named in this complaint. This lack of adequate supervisorial training, and/or policies and procedures is so gross that it demonstrates the existence of an informal custom or policy of promoting, tolerating, and ratifying the continuing unlawful and excessive use of force by officers employed by the City of Vancouver.

52. Officers Franklin Gomez, John Shultz, and Gerardo Gutierrez's improper training permitted them to use poor judgment in deciding to use deadly force.

53. The foregoing acts, omissions, and systemic failures are customs and policies of defendant City of Vancouver, which caused its officers to believe that determination of a proper situation in which one can use deadly force is up to the individual officer and not guided by sound policies and principals as required by the Constitution, and that complaints of improper conduct would not be properly investigated, with the foreseeable result that officers would likely cause the deprivation of rights that occurred in this case. Such conduct on the part of defendant City of Vancouver renders it liable for its officers' constitutional violations.

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 12
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

54. As a direct and proximate cause of the aforesaid acts, omissions, policies, customs, and ratification of defendant City of Vancouver, the individual defendant officers caused Lookabill's constitutional violations and the damages described above.

55. The City of Vancouver is liable for the harm to Lookabill described herein.

### SIXTH CLAIM FOR RELIEF

**(42 U.S.C. § 1983 – Violation of the Americans with Disabilities Act against all defendants)**

56. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 55 with the same force and effect as if such paragraphs were separately realleged in this Sixth Claim for Relief.

57. Defendants failed to accommodate the known mental disability of decedent Lookabill or have any program or policy in affect to deal with persons who have mental disabilities. Law enforcement made no discernible allowance or accommodation for the known mental disabilities of Lookabill before shooting him.

58. This failure on the part of defendants deprived plaintiffs of the rights, privileges, and benefits of programs the City of Vancouver affords persons who are not disabled. This failure led directly to the unnecessary shooting and death of Lookabill as the officers failed to engage in any conduct designed to either end the situation or result in the arrest of Lookabill without the use of deadly force.

//

//

//

//

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 13
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

## STATE CLAIMS

## SEVENTH CLAIM FOR RELIEF

### (Negligence)

59. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 58 with the same force and effect as if such paragraphs were separately realleged in this Seventh Claim for Relief.

60. Defendant officers and/or other City of Vancouver personnel were negligent in allowing its employees to fire 13 shots at Lookabill, which caused his death.

61. As a direct and proximate result of the aforementioned conduct of defendant City of Vancouver and defendant officers, Lookabill was injured, sustained general and specific damages, and died.

62. In doing the things alleged herein, defendant officers were acting within the course and scope of employment by defendant City of Vancouver. Defendant City of Vancouver is therefore liable for all damages, other than punitive damages caused by individual defendant officers.

## EIGHTH CLAIM FOR RELIEF

### (Assault and Battery)

63. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 62 with the same force and effect as if such paragraphs were separately realleged in this Eighth Claim for Relief.

64. Defendant officers acted with the intent to cause an apprehension of harmful or offensive contact, and did in fact cause offensive contact, with plaintiff Lookabill as described above. Defendant officers fired at Lookabill 13 times, resulting in his death.

FIRST AMENDED COMPLAINT FOR DAMAGES - 14
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

65. As a direct and proximate cause of defendant officers' intentional conduct, Lookabill sustained economic and non-economic damages, including, without limitation mental suffering, physical pain and suffering, and agonizing death, and other damages to be proven at trial.

66. All defendants are liable for said conduct under both vicarious liability and on an agency relationship.

67. The conduct of defendants, and each of them, was done in a reckless and conscious disregard to plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon plaintiff for which an award of punitive damages is mandated against each defendant.

68. At no time did Lookabill consent or acquiesce to any of defendants' acts alleged above.

### NINTH CLAIM FOR RELIEF

### (Wrongful death – RCW 4.20.010 *et. seq.*)

69. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 68 with the same force and effect as if such paragraphs were separately realleged in this Ninth Claim for Relief.

70. Defendants' actions in causing Lookabill's death caused his estate, parent, and brother to suffer mental and emotional pain.

71. As a proximate result of defendants' negligence, decedent Lookabill, his Estate, his parent, and family were damaged including past and future damages to his parent and brother due to the loss of love, affection, care, companionship, support, advice, society,

**FIRST AMENDED COMPLAINT FOR DAMAGES - 15**
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

and consortium due to the wrongful death of decedent in an amount to be proven at the time of trial.

## TENTH CLAIM FOR RELIEF

### (Right of Survivorship – RCW 4.20.046)

72. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 71 with the same force and effect as if such paragraphs were separately realleged in this Tenth Claim for Relief.

73. Lookabill suffered pain and disability prior to his grueling death as a result of defendants' actions alleged above.

74. Plaintiffs bring an action herein based upon the right of survivorship for decedent's pain, suffering, and disability in an amount not now known, but which will be proven at trial. Plaintiffs also bring an action for funeral expenses, expenses of burial, and other damages, which will be proven at the time of trial.

## ELEVENTH CLAIM FOR RELIEF

### (City of Vancouver – *Respondeat Superior*)

75. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 74 with the same force and effect as if such paragraphs were separately realleged in this Eleventh Claim for Relief.

76. In doing the things herein alleged, defendant officers were acting within the course and scope of their employment with the City of Vancouver, Washington. The City of Vancouver is therefore jointly and severally liable for the conduct of defendant officers and damages.

//

**FIRST AMENDED COMPLAINT FOR DAMAGES** - 16
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

# **PRAYER**

WHEREFORE, plaintiffs pray for the following relief, jointly and severally, against defendants:

A. For general and special compensatory damages for plaintiffs and against all defendants in the amount of $10,000,000;

B. For punitive damages against all individually named defendants, excluding the City of Vancouver, in the amount of $500,000 each;

C. For emotional, physical and psychological damages suffered by Lookabill before his death against all defendants in the amount of $50,000;

D. For loss of familial relationship in the amount according to proof at trial;

E. For reasonable attorneys' fees and costs pursuant to the provisions of 42 U.S.C. § 1988 or any other applicable law;

F. For costs of suit incurred herein; and

G. For such other and further relief as the Court may deem just.

Dated: August 20, 2013.

PREMIER LAW GROUP PLLC

**Ada K. Wong**, WSBA #45936
**Darryl Parker**, WSBA #30770
3380 146th Place S.E., Ste. 430
Bellevue, WA 98007
(206) 285-1743
ada@plg-pllc.com
dparker@plg-pllc.com
*Attorneys for Plaintiffs*

**FIRST AMENDED COMPLAINT FOR DAMAGES - 17**
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

**Premier Law Group, PLLC**
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System to which will send notification or such filing to the following:

**E. Bronson Potter**
Bronson.potter@cityofvancouver.us

Dated: August 20, 2013, at Bellevue, Washington.

_____
Eve Vysotskiy, Paralegal
Premier Law Group, PLLC

FIRST AMENDED COMPLAINT FOR DAMAGES - 18
LOOKABILL ET AL. V. CITY OF VANCOUVER ET AL.

Premier Law Group, PLLC
3380 146th Place SE, Ste. 430
Bellevue, WA 98007
(206) 285-1743/Fax (206) 599-6316