1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

10

| | |
|---|---|
| NIKKOLAS WREN KENNETH LOOKABILL, FRANK WESCOM, JR., parent and as personal representative of the Estate of NIKKOLAS LOOKABILL, deceased, and GAGE WESCOM, | CASE NO. 13-5461 RJB<br><br>ORDER ON DEFENDANTS' JOINT MOTION FOR SUMMARY JUDGMENT |

11

12

Plaintiffs,

v.

13

14

15

16

CITY OF VANCOUVER, Vancouver
Police Officers FRANKLIN N. GOMEZ,
SERGEANT JOHN DARREN
SCHULTZ, GERARDO GUTIERREZ;
and DOES 1-5 inclusive,

Defendants.

17

18

19

    This matter comes before the Court on Defendants' Joint Motion for Summary Judgment
Re: 1) Lack of Standing, 2) ADA Claims, and 3) State Law Claims.  Dkt. 18.  The Court has
reviewed the pleadings filed regarding the motion and the remaining file.

20

21

22

23

24

    This case arises from a September 7, 2010 police officer involved shooting that resulted
in the death of military veteran Nikkolas Lookabill, who suffered from post traumatic stress
disorder.  Dkt. 13.  Plaintiffs bring constitutional claims pursuant to 42 U.S.C. § 1983, claims
under the Americans with Disabilities Act ("ADA"), and claims under state law.  *Id.*

1

## I.    FACTS AND PROCEDURAL HISTORY

2

A.  **BACKGROUND FACTS**

3    According to the Amended Complaint, on September 7, 2010, Nikkolas Lookabill, a military

4    veteran of Operation Iraqi Freedom who had been suffering from a post-traumatic mental

5    illness, was walking south along Fruit Valley Road from NW 31st Street in Vancouver,

6    Washington. Dkt. 13, at 4. Mr. Lookabill had a handgun. *Id.* He got into an argument, and the

7    police were called. *Id.*, at 5. City of Vancouver police officers responded, and Mr. Lookabill

8    was shot. *Id.*, at 13.

9    It is undisputed that Mr. Lookabill was not married, had no children, and no one relied upon

10   him for financial support. Plaintiff Frank Wescom, Jr. is Mr. Lookabill's former stepfather and

11   Plaintiff Gage Wescom, who was born in 1991, is Mr. Lookabill's half-brother. Dkt. 13.

12   **B.  PROCEDURAL HISTORY**

13   On April 14, 2013, Frank Wescom, Jr., filed a Claim for Damages with Clark County's Risk

14   Management under RCW 4.96.020. Dkt. 20.

15   On May 29, 2013, Plaintiffs filed a complaint in federal court regarding this matter. *Nikkolas*

16   *Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case

17   number 13-5408 RJB, Dkt. 1. It was voluntarily dismissed without prejudice (Dkt. 8) and a

18   minute order closing the case was entered (Dkt. 9). *Nikkolas Wren Kenneth Lookabill, et al. v.*

19   *City of Vancouver,* Western District of Washington case number 13-5408 RJB.

20   Plaintiffs refiled the case on June 11, 2013. *Nikkolas Wren Kenneth Lookabill, et al. v. City*

21   *of Vancouver,* Western District of Washington case number 13-5408 BHS. The case was

22   initially assigned to U.S. District Court Judge Benjamin Settle, and reassigned to this Court on

23   June 27, 2013.

24

On August 12, 2013, Plaintiff Frank Wescom, Jr. filed a Petition for Order Appointing Personal Representative in King County Superior Court. Dkt. 25. Frank Wescom, Jr. also filed an Oath of Personal Representative. Dkt. 30-2. On August 13, 2013, King County Superior Court granted the petition and Frank Wescom, Jr. was appointed as personal representative to decedent Nikkolas Wren Kenneth Lookabill's estate. Dkt. 25, at 5-6.

On August 20, 2013, Plaintiffs filed an Amended Complaint. Dkt. 13. Defendants filed their Answers to the Amended Complaint on September 3, 2013 (Dkts. 14 and 15) and filed Amended Answers to the Amended Complaint on September 12, 2013 (Dkts. 16 and 17).

The Joint Status Report is due on November 5, 2013. Dkt. 23. No discovery has occurred. Dkt. 24.

## C. PENDING MOTION

In their motion for summary judgment, the Defendants argue that all federal claims should be dismissed because there is no personal representative to pursue the claims of Nikkolas Lookabill and neither Frank Wescom nor Gage Wescom can sue in their individual capacities. Dkts. 18 and 26. The Defendants also argue that the Plaintiffs fail to state a claim on which relief can be granted regarding their Americans with Disabilities Act claim. *Id.* The Defendants argue that the Plaintiffs' state law claims should be dismissed because there is no personal representative authorized to pursue them and because the named plaintiffs were not financially dependent on Nikkolas Lookabill. *Id.* Defendants move for dismissal of the wrongful death claim pursuant to RCW 4.20.010, *et . seq.*; the "right of survivorship" claim RCW 4.20.046; and "respondeat superior" against the City of Vancouver arguing that they are not really separate theories of liability, but identify either who can recover, or against whom recovery may be had, if negligence and/or assault are proven. Dkt. 18. Defendants also argue that the state law claims

1  should be dismissed because they are barred by the statute of limitations and because no tort

2  claim was filed as required by RCW 4.96.020(4).  *Id.*

3      Plaintiffs respond and argue that the motion for summary judgment should be denied

4  because Frank Wescom, Jr. was properly appointed as the personal representative of the estate of

5  Mr. Lookabill.  Dkt. 24.  Plaintiffs argue that Plaintiff Gage Wescom and Frank Wescom, Jr.

6  (personally) can factually state a claim under 42 U.S.C. § 1983 for a "liberty claim under the 14th

7  Amendment," and "association" under the First Amendment; Plaintiffs move the Court to allow

8  further amendment of their complaint to add a First Amendment claim on behalf of Gage

9  Wescom and Frank Wescom, Jr.  *Id.*  Plaintiffs argue their claim under the ADA should not be

10  dismissed because they are not alleging a reasonable accommodation theory, but are asserting a

11  "wrongful arrest" theory.  *Id.*  That is, that officers here attempted to arrest Mr. Lookabill "because

12  they misperceived the effects of that disability as criminal activity."  *Id.*  Plaintiffs argue that their

13  state law claims should not be dismissed because when Frank Wescom filed his tort claim with

14  the City of Vancouver, it was on notice of the claims raised here and the claim should be

15  liberally construed to achieve justice.  *Id.*

16          **II.    DISCUSSION**

17  **A.  SUMMARY JUDGMENT – STANDARD**

18      Summary judgment is proper only if the pleadings, the discovery and disclosure materials on

19  file, and any affidavits show that there is no genuine issue as to any material fact and that the

20  movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is

21  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

22  showing on an essential element of a claim in the case on which the nonmoving party has the

23  burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

24

1   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

2   for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

3   (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

4   metaphysical doubt").  *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a

5   material fact exists if there is sufficient evidence supporting the claimed factual dispute,

6   requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

7   *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

8   *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

9       The determination of the existence of a material fact is often a close question.  The court

10   must consider the substantive evidentiary burden that the nonmoving party must meet at trial–

11   e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

12   *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

13   of the nonmoving party only when the facts specifically attested by that party contradict facts

14   specifically attested by the moving party.  The nonmoving party may not merely state that it will

15   discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

16   to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

17   Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be

18   "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

19   **B.  FRANK WESCOM, JR.'S STANDING TO BRING FEDERAL CLAIMS ON BEHALF OF THE ESTATE OF MR. LOOKABILL**

20

21       "Article III of the Constitution confines the judicial power of federal courts to deciding actual

22   'Cases' or 'Controversies.'  One essential aspect of this requirement is that any person invoking the

23   power of a federal court must demonstrate standing to do so." *Hollingsworth v. Perry*, 570 U.S.

24   ____, 133 S. Ct. 2652, 2661 (2013).  Generally, "Fourth Amendment rights are personal rights

1   which ... may not be vicariously asserted." *Moreland v. Las Vegas Police Dep't,* 159 F.3d 365,

2   369 (9th Cir. 1998)(*internal citations omitted*). "In § 1983 actions, however, the survivors of an

3   individual killed as a result of an officer's excessive use of force may assert a Fourth Amendment

4   claim on that individual's behalf if the relevant state's law authorizes a survival action." *Moreland*

5   *v. Las Vegas Police Dep't,* 159 F.3d 365, 369 (9th Cir. 1998)(*citing* 42 U.S.C. § 1988(a)).  The

6   state's survival law is to be followed unless it is "inconsistent with the Constitution and the laws of

7   the United States." 42 U.S.C. § 1988(a).  Accordingly, as the party seeking to bring a survival

8   action, Frank Wescom, Jr. bears the burden of demonstrating that Washington's law authorizes a

9   survival action and that he meets Washington's requirements for bringing a survival action.

10  *Moreland,* at 369.

11      In Washington, "[a]ll causes of action by a person . . . against another person or persons shall

12  survive to the personal representatives of the former . . whether such actions arise on contract or

13  otherwise." RCW 4.20.046(1).  Referred to as the "general survival statute, RCW 4.20.046(1),

14  preserves all causes of action that a decedent could have brought if he or she had survived."

15  *Otani ex rel. Shigaki v. Broudy*, 151 Wash.2d 750, 755-56 (2004).

16      To the extent that Defendants move for summary dismissal of the case, by asserting that

17  Frank Wescom, Jr. has no standing to bring the case, the motion should be denied.  On August

18  13, 2013, King County Superior Court granted his petition, and Frank Wescom, Jr. was

19  appointed as personal representative to decedent Nikkolas Wren Kenneth Lookabill's estate.  Dkt.

20  25, at 5-6.  As personal representative of Mr. Lookabill's estate, Frank Wescom, Jr. is "authorized

21  in his . . . own name to maintain and prosecute such actions as pertain to the management and

22  settlement of the estate, and may institute suit to collect any debts due the estate or to recover

23  any property, real or personal, or for trespass of any kind or character." RCW 11.48.010.  The

24

1   Amended Complaint in this case was filed on August 20, 2013, and Frank Wescom, Jr. is named

2   a Plaintiff as "parent and as the personal representative" of the estate of Mr. Lookabill.  Dkt. 13.

3   As of the filing date, fewer than three years had passed since the September 7, 2010 shooting, so

4   the Amended Complaint was filed before the three year statute of limitations had run.

5   Defendants state that they "do not argue that a properly appointed personal representative is

6   prevented from seeking redress on behalf of an estate under federal law" but are instead arguing

7   that there is a "complete absence of *any* personal representative here." Dkt. 18, at 21, n.6

8   (*emphasis in original*).  The general survival statute thus provides Frank Wescom, Jr., in his

9   representative capacity, standing to pursue the § 1983 claims

10          In their reply, Defendants concede that Frank Wescom, Jr. was appointed as personal

11   representative, but argue that there is no evidence in the record that he is qualified to act as a

12   personal representative because Plaintiffs failed to point to evidence that letters of administration

13   were issued by the clerk, after Frank Wescom, Jr. filed an oath, as required under RCW

14   11.28.170, and a bond, as required under RCW 11.28.185.  Dkt. 26.  These arguments were

15   newly raised in the Reply and so the Plaintiffs were given an opportunity to respond.

16          In their Surreply, Plaintiffs point out that Frank Wescom, Jr. did, in fact, file an Oath as

17   required under RCW 11.28.170.  Dkt. 30-2.  The King County Superior Court took that Oath into

18   consideration when signing the Petition and did not order that a bond be set.  Further, Plaintiffs

19   properly argue that Defendants appear to be conflating the requirements under the Washington's

20   probate laws (regarding letters of administration for example) and the requirements for bringing

21   survival actions.  As an aside, although Plaintiffs' counsel states that she contacted King County

22   and was told that letters of administration were issued in probate cases "Type 4 cases" and Frank

23

24

1    Lookabill's case was a "Type 2 case," so no letters of administration could be issued, Defendants'

2    motion to strike those statements as hearsay should be granted.

3        In any event, Parties have gone far afield of the requirements under Washington law in

4    regard to survival actions and the motion to dismiss the case should not be granted on this basis.

5    **C. FRANK WESCOM, JR. AND GAGE WESCOM'S FEDERAL CLAIMS FOR VIOLATION OF THE 14TH AMENDMENT**

6

7        The Ninth Circuit "has recognized that parents have a Fourteenth Amendment liberty interest

8    in the companionship and society of their children." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th

9    Cir. 2010).  Accordingly, "[p]arents and children may assert Fourteenth Amendment substantive

10   due process claims if they are deprived of their liberty interest in the companionship and society

11   of their child or parent through official conduct." *Lemire v. California Dept. of Corrections and*

12   *Rehabilitation*, 726 F.3d 1062 (9th Cir. 2013). "Official conduct that 'shocks the conscience' in

13   depriving parents of that interest is cognizable as a violation of due process." *Id.*

14       Defendants move to dismiss this claim, arguing that a former step parent does not have a

15   substantive due process liberty interest in their relationship with an adult child.  Dkt. 24.

16   Defendants' motion should be granted.  Plaintiffs have failed to cite to a case which holds that a

17   former step parent has such a liberty interest in his relationship with an adult former stepchild.

18   Frank Wescom, Jr.'s substantive due process claim should be dismissed.

19       Further, Gage Wescom acknowledges that there is no authority to support his argument that

20   he, as a half brother, has a substantive due process liberty interest in the relationship with his

21   adult half brother.  Indeed, Ninth Circuit precedent is to the contrary:  siblings do not have a

22   substantive due process liberty interest with each other.  *Ward v. City of San Jose,* 967 F.2d 280,

23   284 (9th Cir. 1991).  Gage Wescom's substantive due process claim should be dismissed.

24

ORDER ON DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT- 8

**D.  MOTION TO AMEND COMPLAINT TO ADD CLAIMS FOR VIOLATION OF THE FIRST AMENDMENT**

Plaintiffs seek to amend their Amended Complaint to add claims for violation of the First Amendment.  Dkt. 24.

Under Fed. R. Civ. P. 15(a), a party may amend its pleadings once as a matter of course if before certain deadlines, and in "all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In deciding whether the grant a motion to amend, the court considers a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997).

Plaintiffs' motion to amended their Amended Complaint (Dkt. 24) should be granted.  In this case, there does not appear to be undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to Defendants. Plaintiffs would be harmed if they were unable to clarify their claims.  Amendment of the Amended Complaint does not appear to be futile.  The First Amendment "protects those relationships, including family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life." *Board of Dir. v. Rotary Club,* 481 U.S. 537, 545 (1987)(*internal citations omitted*).  The Ninth Circuit recognizes a cause of action under 42 U.S. § 1983 for alleged violations of the right to family unity and intimate association under the First Amendment.  *Lee v. City of Los Angeles,* 250 F.3d 668, 685 (9th Cir. 2001).

1    There is no showing that a claim under the First Amendment for the right to intimate

2    association between half brothers and or former step fathers with whom the decedent lived is

3    precluded.  Plaintiffs' motion to amend their Amended Complaint should be granted.  Plaintiffs,

4    however, have failed to attached a proposed Second Amended Complaint.  Plaintiffs should file

5    their Second Amended Complaint, if any, on or before November 8, 2013.

6    **E.  ADA CLAIM**

7    'Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of

8    such disability, be excluded from participation in or be denied the benefits of the services,

9    programs, or activities of a public entity, or be subjected to discrimination by any such entity.'

10   *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010)(*citing* 42 U.S.C. §

11   12132).  To state a claim under the ADA's Title II, Plaintiffs must allege:

12       (1) he is an individual with a disability; (2) he is otherwise qualified to participate
in or receive the benefit of some public entity's services, programs, or activities;
13   (3) he was either excluded from participation in or denied the benefits of the
public entity's services, programs, or activities, or was otherwise discriminated
14   against by the public entity; and (4) such exclusion, denial of benefits, or
discrimination was by reason of [his] disability.

15   *Id.*

16   Defendants' motion to summarily dismiss the ADA claim, which is brought by all Plaintiffs

17   against all Defendants, should be granted, in part, and denied without prejudice, in part.

18   Defendants' motion for dismissal of the ADA claim as asserted against the individual officers

19   should be granted.  Plaintiffs concede that insofar as this claim was asserted against the

20   individual officers, their ADA claim should be dismissed.  Dkt. 24, at 14.  To the extent that

21   Plaintiff Frank Wescom, Jr., in his personal capacity, or Plaintiff Gage Wescom assert a claim

22   under the ADA, the claims should be dismissed.  There is no allegation that they have a

23   disability or suffered discrimination as a result of a disability.

24

1    The remaining claim, then, appears to be the estate's ADA claim against the City of

2    Vancouver.  Defendants' motion for dismissal of the estate's ADA claim against the City of

3    Vancouver, by arguing that no personal representative has been appointed for the estate, should

4    be denied.  As above, Frank Wescom, Jr. was appointed as personal representative for the estate,

5    and so the estate's claim should not be dismissed on this basis.

6    To the extent that Defendants move for summary dismissal of the estate's ADA claim against

7    the City by arguing that Plaintiffs have failed to point to evidence in the record to support their

8    claim, the motion should be denied without prejudice.  Plaintiffs properly point out that the

9    motion for summary dismissal of this claim is made before any discovery has been done.  Dkt.

10   24.  To the extent that Defendants argue that Plaintiffs have failed to point to evidence in the

11   record to support this claim, the motion is premature considering the procedural posture of the

12   case, and should be denied without prejudice.

13   Defendants appear to be moving for dismissal of the estate's ADA claim against the City of

14   Vancouver pursuant to Fed. R. Civ. P. 12(b), because they argue that Plaintiffs have failed to

15   state an ADA claim because they have not sufficiently alleged that Mr. Lookabill was a "qualified

16   individual with a disability." Dkt. 18, at 26.  Defendants also move for dismissal of the ADA

17   claim made against the City of Vancouver, arguing that they have failed to state a claim because

18   an arrest is a type of "service, program or activity" contemplated by the ADA.  Dkt. 18.

19   To the extent that Defendants' motion to dismiss the estate's ADA claim is made pursuant to

20   Fed. R. Civ. P. 12(b), it should be denied.  Plaintiffs have alleged that Mr. Lookabill was an

21   individual with a disability, that is, post traumatic stress disorder.  Further, Plaintiffs do not argue

22   that Mr. Lookabill was "excluded from participation in or denied the benefits of the public entity's

23   services, programs, or activities." Instead, Plaintiffs state they are asserting a "wrongful arrest"

24

1    theory.  That is, Plaintiffs allege that Mr. Lookabill was "otherwise discriminated against" by the

2    City of Vancouver when he was arrested because or "by reason of" his disability and not because

3    of the perpetration of some crime unrelated to his disability.  *Id.*  Under this theory, courts in

4    other circuits and a district court in the Western District of Washington have found an ADA

5    claim <u>could</u> lie where "the police wrongly arrested someone with a disability because they

6    misperceived the effects of that disability as criminal activity." *Lewis v. Truitt,* 960 F.Supp. 175

7    (S.D. Ind. 1999)(holding Plaintiff stated a claim under title II of the ADA when police beat and

8    arrested, for resisting arrest, a deaf man who could not understand their commands); *Gohier v.*

9    *Enright,* 186 F.2d 1216, 1221 (10th Cir. 1999)(finding that though viable, this theory does not

10   apply to the facts of the case); *Patrice v. Murphy,* 43 F. Supp 2d 1156, 1160 (W.D. Wash.

11   1999)(noting the potential of the claim, but holding that the plaintiff there expressly declined to

12   make such a claim).  The Ninth Circuit has not ruled on whether a plaintiff could state such a

13   cause of action.  Assuming such a cause of action, Plaintiffs have alleged that Mr. Lookabill was

14   not acting in a threatening manner and that he was fully compliant with the officer's commands.

15   The Amended Complaint alleges that Mr. Lookabill was wrongfully seized because the

16   responding officers misperceived the effects of his disability as criminal activity.  Although

17   Defendants argue that other circuits and district courts that have examined the question of

18   "wrongful arrest" have held that the Title II of the ADA does not apply when the police use force

19   in response to threatening conduct,  *Gohier,* at 1222.  *Hainze v. Richards*, 207 F.3d 795, (5th Cir.

20   2000)(holding that Title II of the ADA does not apply to an officer's on-the-street responses to

21   reported disturbances or other similar incidents, whether or not those calls involve subjects with

22   mental disabilities, prior to the officer's securing the scene and ensuring that there is no threat to

23   human life), that defense is premature at this stage in the proceedings.

24

ORDER ON DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT- 12

1    The ADA claim, as asserted against the individual officers, and to the extent it is asserted by

2    Frank Wescom, Jr. in his personal capacity, and by Gage Wescom, should be dismissed.  The

3    estate's ADA claim, asserted against the City of Vancouver, should not be dismissed, at this

4    point.

5    **F.  STATE LAW CLAIMS**

6        Plaintiffs make state law claims for assault and battery, negligence, wrongful death pursuant

7    to RCW 4.20.010, *et . seq*., "right of survivorship" citing RCW 4.20.046, and "respondeat superior"

8    against the City of Vancouver.  Dkt. 13.

9        Defendants move for dismissal of all the claims, arguing that there is no personal

10   representative to bring them, that the assault and battery claim is barred by the two year statute of

11   limitations, Plaintiffs negligence claim is predicated on the assault and battery claim, and so is

12   really a cause of action for assault and battery, and should be dismissed as barred by the statute

13   of limitations; Defendants move for dismissal of the wrongful death claim pursuant to RCW

14   4.20.010, *et . seq*.; the "right of survivorship" claim RCW 4.20.046; and "respondeat superior"

15   against the City of Vancouver arguing that they are not really separate theories of liability, but

16   identify either who can recover, or against whom recovery may be had, if negligence and/or

17   assault are proven; and Defendants argue that neither the estate nor Gage Wescom can recover

18   under state law because there was never a tort claim filed on their behalf.  Dkt. 18.

19       Plaintiffs respond, and fail to address a majority of Defendants arguments, only discussing

20   the issue of whether the tort claim filed with the City of Vancouver was sufficient. Dkt. 24.

21   Even assuming that the tort claim was sufficient, Defendants' motion for summary judgment on

22   each of the state law claims should be granted as below.

23       1.  <u>Assault and Battery</u>

24

1    Defendants' motion to summarily dismiss the assault and battery claim should be granted.

2    The statute of limitations in the Washington for assault and battery is two years.  RCW

3    4.16.100(1).  Plaintiffs filed their case over two and a half years after the event.  The claim for

4    assault and battery should be dismissed.

5                    2.   Negligence

6        Defendants' motion to summarily dismiss Plaintiffs' negligence claim should be granted.

7    Defendants argue that Plaintiffs' claim for negligence is an attempt to recharacterize their assault

8    and battery claim, so as to avoid the two year statute of limitations.  In regard to the negligence

9    claim, the Amended Complaint provides:

10            Defendant officers and/or other City of Vancouver personnel were negligent in
              allowing its employees to fire 13 shots at Lookabill, which caused his death.  As a
11            direct and proximate result of the aforementioned conduct of Defendant City of
              Vancouver and defendant officers, Lookabill was injured, sustained general and
12            specific damages, and died.  In doing the things alleged herein, defendant officers
              were acting within the course and scope of employment by defendant City of
13            Vancouver.   Defendant City of Vancouver is therefore liable for all damages,
              other than punitive damages caused by individual defendant officers.
14
15    Dkt. 13, at 14.  In their response to the summary judgment motion, Plaintiffs have failed to

16    respond or in any manner articulate their theory on their claim for negligence.  Their claim for

17    negligence should be dismissed as a recharacterization of the assault and battery claim which is

18    barred by the statute of limitations.

19                    3.   Wrongful Death

20        Defendants' motion to summarily dismiss Plaintiffs' claims for wrongful death under RCW

21    4.20.010, should be granted.  RCW 4.20.010 provides: "[w]hen the death of a person is caused by

22    the wrongful act, neglect or default of another his personal representative may maintain an action

23    for damages against the person causing the death. . . ."  RCW 4.20.020 "strictly limits the possible

24

ORDER ON DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT- 14

beneficiaries of a wrongful death claim." *Atchison v. Great Western Malting Co.*, 161 Wash.2d 372, 377 (2007).  It provides:

> Every such action shall be for the benefit of the wife, husband, child or children, including stepchildren, of the person whose death shall have been so caused. If there be no wife or husband or such child or children, such action may be maintained for the benefit of the parents, sisters or brothers, who may be dependent upon the deceased person for support, and who are resident within the United States at the time of his death.

There is no evidence in the record that any of the Plaintiffs are among the possible beneficiaries for a wrongful death claim in Washington.  There is no showing any of them were dependent upon Mr. Lookabill for financial support.  The claim for wrongful death under RCW 4.20.010 should be dismissed.

### 4. Right of Survivorship

Defendants' motion to summarily dismiss Plaintiffs' claim for "right of survivorship" citing RCW 4.20.046, should be granted. RCW 4.20.046 "does not create a separate claim for the survivors, but merely preserves the causes of action that a person could have maintained had he not died, other than for pain and suffering, anxiety, emotional distress, or humiliation." *Wooldridge v. Woolett*, 96 Wash.2d 659, 662-663 (1981).  Plaintiffs' claim for "right of survivorship" should be dismissed.

### 5. Respondeat Superior

Defendants' motion to dismiss Plaintiffs' claims for "respondeat superior" against the City of Vancouver should be granted.  Plaintiffs have failed to point to issues of fact as to any of their state law claims against the individual officers.  Plaintiffs' claim that the City of Vancouver is liable based on the doctrine of respondeat superior for the torts of its employees should be dismissed.  *Spurrell v. Bloch*, 40 Wash.App. 854, (1985)(noting the finding of employee

1  nonliability precludes any finding that the employer is liable, when liability is based solely on the

2  doctrine of respondeat superior).

3  **III.   ORDER**

4  It is **ORDERED** that:

5  Defendants' Joint Motion for Summary Judgment Re: 1) Lack of Standing, 2) ADA

6  Claims, and 3) State Law Claims (Dkt. 18) **IS**

7  o  **DENIED** as to Lack of Standing**;**

8  o  **DENIED WITHOUT PREJUDICE** as to the Estate's

9  ADA claim against the City of Vancouver;

10  o  **GRANTED** as to the ADA claim against the individual

11  officers, and that claim is dismissed;

12  o  **GRANTED** as to Frank Wescom, Jr., in his personal

13  capacity, and Gage Wescom's ADA claims, and those claims are

14  dismissed; and

15  o  **GRANTED** as to the state law claims; and those claims are

16  dismissed.

17  Plaintiffs' motion to amended their Amended Complaint (Dkt. 24) **IS GRANTED**;

18  o  Plaintiffs should file their Second Amended Complaint on or before

19  November 8, 2013.

20  /

21  /

22  /

23  /

24

ORDER ON DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT- 16

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2   to any party appearing *pro se* at said party's last known address.

3    Dated this 24th day of October, 2013.

4

5

ROBERT J. BRYAN
6   United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' JOINT MOTION
FOR SUMMARY JUDGMENT- 17