UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKKOLAS WREN KENNETH LOOKABILL, FRANK WESCOM, JR., parent and as personal representative of the Estate of NIKKOLAS LOOKABILL, deceased, and GAGE WESCOM,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VANCOUVER, Vancouver Police Officers FRANKLIN N. GOMEZ, SERGEANT JOHN DARREN SCHULTZ, GERARDO GUTIERREZ; and DOES 1-5 inclusive,<br><br>Defendants. | CASE NO. 13-5461 RJB<br><br>ORDER ON DEFENDANTS' GOMEZ, SCHULTZ AND GUTIERREZ'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendants Gomez, Schultz and Gutierrez's Motion for Summary Judgment Re: Qualified Immunity (Dkt. 38) and Plaintiffs' motion to defer consideration of the summary judgment motion pursuant to Fed. R. Civ. P. 56(d) until after discovery is completed (Dkt. 57). The Court has reviewed the pleadings filed regarding the motions and the remaining file.

This case arises from a September 7, 2010 police officer involved shooting that resulted in the death of military veteran Nikkolas Lookabill, who suffered from post traumatic stress disorder. Dkt. 34. Plaintiffs bring constitutional claims pursuant to 42 U.S.C. § 1983 and a

claim under the Americans with Disabilities Act ("ADA"). *Id.* In the interest of fully and fairly considering all claims, Defendants' motion should be deferred pursuant to Fed. R. Civ. P. 56(d) to give the parties time to conduct discovery.

## I. FACTS AND PROCEDURAL HISTORY

### A. BACKGROUND FACTS

According to the Second Amended Complaint, on September 7, 2010, Nikkolas Lookabill, a military veteran of Operation Iraqi Freedom who had been suffering from a post-traumatic mental illness, was walking south along Fruit Valley Road from NW 31st Street in Vancouver, Washington. Dkt. 34, at 4. Mr. Lookabill had a handgun. *Id.* He got into an argument, and the police were called. *Id.*, at 5. City of Vancouver police officers responded, and Mr. Lookabill was shot and killed. *Id.*, at 13.

### B. PROCEDURAL HISTORY

On April 14, 2013, Frank Wescom, Jr., the estate's representative, filed a Claim for Damages with Clark County's Risk Management under RCW 4.96.020. Dkt. 20.

On May 29, 2013, Plaintiffs filed a complaint in federal court regarding this matter. *Nikkolas Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case number 13-5408 RJB, Dkt. 1. It was voluntarily dismissed without prejudice (Dkt. 8) and a minute order closing the case was entered (Dkt. 9). *Nikkolas Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case number 13-5408 RJB.

Plaintiffs refiled the case on June 11, 2013. *Nikkolas Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case number 13-5408 BHS. The case was initially assigned to U.S. District Court Judge Benjamin Settle, and reassigned to this Court on June 27, 2013.

ORDER ON DEFENDANTS' GOMEZ, SCHULTZ AND GUTIERREZ'S MOTION FOR SUMMARY JUDGMENT- 2

On August 20, 2013, Plaintiffs filed an Amended Complaint. Dkt. 13. Defendants filed their Answers to the Amended Complaint on September 3, 2013 (Dkts. 14 and 15) and filed Amended Answers to the Amended Complaint on September 12, 2013 (Dkts. 16 and 17).

On October 24, 2013, the Defendants' Motion for Summary Judgment was denied, in part, and granted, in part. Dkt. 33. Plaintiffs' state law claims were dismissed, and Plaintiffs' motion to amend their Amended Complaint was granted. *Id.*

The Second Amended Complaint, filed on November 4, 2013, asserts claims against the individual officers for violation of: 1) Mr. Lookabill's Fourth Amendment rights against an unreasonable seizure by "detaining [him] for more than half an hour and keeping Lookabill face down in the rain;" 2) Mr. Lookabill's Fourth and Fourteenth Amendment rights against the use of excessive force, and 3) Mr. Frank Wescom's and Mr. Gage Wescom's First Amendment right to family unity. Dkt. 34. Plaintiffs also make claims against the City of Vancouver. *Id*.

**C. PENDING MOTION**

In their motion for summary judgment, the Defendants argue that all federal claims against the individual officers should be dismissed because they did not violate anyone's constitutional rights. Dkts. 38 and 74. They argue that: 1) holding an intoxicated, armed, and non-complaint subject at gunpoint, does not without more, amount to an unreasonable seizure, 2) because there was no intentional and independent Fourth Amendment violation that provoked Mr. Lookabill to reach for his gun, any criticism of the officers' tactics is legally irrelevant; and 3) no case supports the proposition that the police violate a person's First Amendment rights by lawfully seizing a family member. *Id.* The officers argue that even if there was a constitutional violation under the facts alleged, the law was not clearly established, and they are therefore entitled to qualified immunity. *Id.*

Plaintiffs respond and oppose the motion for summary judgment. Dkt. 57. Plaintiffs also argue that pursuant to Fed. R. Civ. P. 56(d), the Court should defer ruling on the summary judgment motion until the Plaintiffs have had an opportunity to conduct meaningful discovery. Dkt. 57.

Trial is set to begin on September 8, 2014. Dkt. 37. The discovery deadline is May 12, 2014. *Id*.

## II. DISCUSSION

### A. SUMMARY JUDGMENT – STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

1       The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial– e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, T.W. *Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. FED. R. CIV. P. 56(d) MOTION**

      Pursuant to Fed. R. Civ. P. 56 (a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56 (d) further provides that if the non-moving party shows "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." A party requesting relief pursuant to Rule 56(d) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006).

      Plaintiffs' motion to defer consideration of the summary judgment motion pursuant to Fed. R. Civ. P. 56(d) (Dkt. 57) should be granted. Although it is a close question, Plaintiffs have identified specific facts that further discovery might reveal that may preclude summary

judgment. The Court is mindful that the central party that might give testimony against Defendants, Mr. Lookabill, is deceased. Moreover, deferral of the motion until discovery has occurred serves the interest of fully and fairly considering the claims asserted here. Defendants' summary judgment motion should be stricken, but maybe renoted after parties have conducted discovery.

### III. ORDER

It is **ORDERED** that:

- Plaintiffs' motion to defer consideration of the summary judgment motion pursuant to Fed. R. Civ. P. 56(d) until after discovery is completed (Dkt. 57) **IS GRANTED;** and

- Defendants Gomez, Schultz and Gutierrez's Motion for Summary Judgment Re: Qualified Immunity (Dkt. 38) **IS STRICKEN,** but may be renoted after discovery, if appropriate.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 2nd day of January, 2014.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge