UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKKOLAS WREN KENNETH LOOKABILL, FRANK WESCOM, JR., parent and as personal representative of the Estate of NIKKOLAS LOOKABILL, deceased, and GAGE WESCOM,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VANCOUVER, Vancouver Police Officers FRANKLIN N. GOMEZ, SERGEANT JOHN DARREN SCHULTZ, GERARDO GUTIERREZ; and DOES 1-5 inclusive,<br><br>Defendants. | CASE NO. 13-5461 RJB<br><br>ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE COMPLAINT |

This matter comes before the Court on Plaintiffs' Motion to Modify the Court's Pre-Trial Order, for Leave to Amend the Complaint and to Add Plaintiff. Dkt. 77. The Court has reviewed the pleadings filed regarding the motion and the remaining file.

This case arises from a September 7, 2010 police officer involved shooting that resulted in the death of military veteran Nikkolas Lookabill, who suffered from post traumatic stress disorder. Dkt. 34. Plaintiffs bring constitutional claims pursuant to 42 U.S.C. § 1983 and a claim under the Americans with Disabilities Act ("ADA"). *Id.*

## I. FACTS

### A. BASIC FACTS

According to the Second Amended Complaint, on September 7, 2010, Nikkolas Lookabill, a military veteran of Operation Iraqi Freedom who had been suffering from a post-traumatic mental illness, was walking south along Fruit Valley Road from NW 31st Street in Vancouver, Washington. Dkt. 34, at 4. Mr. Lookabill had a handgun. *Id.* He got into an argument, and the police were called. *Id.*, at 5. City of Vancouver police officers responded, and Mr. Lookabill was shot and killed. *Id.*, at 13.

### B. PROCEDURAL HISTORY

On April 14, 2013, Frank Wescom, Jr., the estate's representative, filed a Claim for Damages with Clark County's Risk Management under RCW 4.96.020. Dkt. 20.

On May 29, 2013, Plaintiffs filed a complaint in federal court regarding this matter. *Nikkolas Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case number 13-5408 RJB, Dkt. 1. It was voluntarily dismissed without prejudice (Dkt. 8) and a minute order closing the case was entered (Dkt. 9). *Nikkolas Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case number 13-5408 RJB.

Plaintiffs refiled the case on June 11, 2013. *Nikkolas Wren Kenneth Lookabill, et al. v. City of Vancouver,* Western District of Washington case number 13-5408 BHS. The case was initially assigned to U.S. District Court Judge Benjamin Settle, and reassigned to this Court on June 27, 2013.

On August 20, 2013, Plaintiffs filed an Amended Complaint. Dkt. 13. Defendants filed their Answers to the Amended Complaint on September 3, 2013 (Dkts. 14 and 15) and filed Amended Answers to the Amended Complaint on September 12, 2013 (Dkts. 16 and 17).

On October 24, 2013, the Defendants' Motion for Summary Judgment was denied, in part, and granted, in part. Dkt. 33. Plaintiffs' state law claims were dismissed, and Plaintiffs' motion to amend their Amended Complaint was granted. *Id.*

The Second Amended Complaint, filed on November 4, 2013, asserts claims against the individual officers for violation of: 1) Mr. Lookabill's Fourth Amendment rights against an unreasonable seizure by "detaining [him] for more than half an hour and keeping Lookabill face down in the rain;" 2) Mr. Lookabill's Fourth and Fourteenth Amendment rights against the use of excessive force, and 3) Mr. Frank Wescom's and Mr. Gage Wescom's First Amendment right to family unity. Dkt. 34. Plaintiffs also make claims against the City of Vancouver. *Id*.

Defendants then moved for summary judgment, arguing that all federal claims against the individual officers should be dismissed because they did not violate anyone's constitutional rights. Dkts. 38 and 74. They argued that even if there was a constitutional violation under the facts alleged, the law was not clearly established, and they were therefore entitled to qualified immunity. *Id*

On January 2, 2014, Plaintiff's motion to defer consideration of Defendants' summary judgment motion, pursuant to Fed. R. Civ. P. 56(d), (Dkt. 57) was granted. Dkt. 76.

Plaintiffs filed the instant Motion to Modify the Court's Pretrial Order, for Leave to Amend the Complaint, and to Add Plaintiff. Dkt. 77. Plaintiffs filed a copy of their proposed Third Amended Complaint for Damages. Dkt. 78-1. Defendants filed an opposition (Dkt. 81) and Plaintiffs filed a reply (Dkt. 83).

Defendants appealed the decision granting Plaintiff's motion to defer consideration of Defendants' summary judgment motion pursuant to Fed. R. Civ. P. 56(d) (Dkt. 76) to the Ninth

1  Circuit Court of Appeals (Dkt. 79), where the appeal was dismissed for lack of jurisdiction (Dkt.
2  85).
3      After the Ninth Circuit Court of Appeals issued its Mandate (Dkt. 94), a new scheduling
4  order was entered (Dkt. 97). On January 8, 2015, Plaintiffs renewed the instant motion (Dkt.
5  98), and it was renoted for consideration on January 23, 2014.

## II.  DISCUSSION

### A.  MOTION TO AMEND– STANDARD

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." In determining whether leave to amend is appropriate, the district court considers the presence of any of four factors: futility, bad faith, undue delay, and/or prejudice to the opposing party. *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)(*internal citations omitted*)

### B.  MOTION TO AMEND

Plaintiff's motion (Dkt. 77) should be granted, the case schedule altered, and the amendment to the Complaint (to add Denise Wescom, the victim's mother as a plaintiff) permitted. There is no showing of "futility, bad faith, undue delay, and/or prejudice to the opposing party." *Owens,* at 712.

Defendants' response to the motion argues that Plaintiffs do not address whether the addition of Ms. Wescom as a plaintiff relates back to when this action was commenced, and so the motion should be denied. Dkt. 81.

In the Ninth Circuit:

An amendment adding a party plaintiff relates back to the date of the original
pleading only when: 1) the original complaint gave the defendant adequate notice

of the claims of the newly proposed plaintiff; 2) the relation back does not unfairly prejudice the defendant; and 3) there is an identity of interests between the original and newly proposed plaintiff.

*In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996)(*citing Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1278-79 (9th Cir.1982)).

Here, the original Complaint gave the defendants adequate notice of the claims now asserted by Ms. Wescom. The facts and claims are the same or similar and arise from the same incident. There is no showing of prejudice to the defendants. Discovery has just begun. Further, there is an identity of interest between the current Plaintiffs, including Mr. Lookabill's step-father, and Mr. Lookabill's mother, Ms. Wescom. Plaintiffs' Plaintiffs' Motion to Modify the Court's Pre-Trial Order, for Leave to Amend the Complaint and to Add Plaintiff (Dkt. 77) should be granted, and amendments made in accord with those found in the proposed Third Amended Complaint (Dkt. 78-1).

### III. ORDER

It is **ORDERED** that:

- In accord with the changes in the proposed Third Amended Complaint (Dkt. 78-1), Plaintiffs' Motion to Modify the Court's Pre-Trial Order, for Leave to Amend the Complaint and to Add Plaintiff (Dkt. 77) **IS GRANTED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 30th day of January, 2015.

ROBERT J. BRYAN
United States District Judge