1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKKOLAS WREN KENNETH LOOKABILL, FRANK WESCOM, JR., parent and as personal representative of the Estate of NIKKOLAS LOOKABILL, deceased, DENISE WESCOM, and GAGE WESCOM,<br><br>                      Plaintiffs,<br><br>        v.<br><br>CITY OF VANCOUVER, and DOES 1-5 inclusive,<br><br>                      Defendants. | CASE NO. 13-5461 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR DETERMINATION OF SUFFICIENCY OF ANSWERS TO REQUESTS FOR ADMISSION |

This matter comes before the Court on Defendants' Motion for Determination of Sufficiency of Answers to Requests for Admission.  Dkts. 112 (City of Vancouver joined in Dkt. 114).   The Court has reviewed the pleadings filed regarding the motion and the remaining file.

This case arises from a tragic September 7, 2010 police officer involved shooting that resulted in the death of military veteran Nikkolas Lookabill, who suffered from post traumatic stress disorder.  Dkt. 101.  Plaintiffs bring constitutional claims pursuant to 42 U.S.C. § 1983 and a claim under the Americans with Disabilities Act ("ADA").  *Id.*

On June 2, 2015, Plaintiffs propounded amended answers to Defendants' requests for admissions.  On June 4, 2015, the individual Defendants filed the instant Motion for

1   Determination of Sufficiency of Answers to Requests for Admission. Dkt. 112.   The City of

2   Vancouver joined the motion.  Dkt. 114.  Defendants argue that Plaintiffs have now had an

3   opportunity to conduct discovery and should have inquired into each of these areas if they felt

4   that they did not have enough information to answer.  Dkt. 112.  Defendants argue that the Court

5   should either order that these requests be admitted or that Plaintiffs submit amended responses.

6   *Id.*  Defendants also seek an award of fees under Rule 37(a)(5).  *Id.*  Plaintiffs oppose the motion,

7   arguing that they did not violate Rule 36, their answers were sufficient, and were within the

8   Plaintiffs' personal knowledge.  Dkt. 117.  Plaintiffs also seek attorneys' fees as a result of

9   having to respond to this motion. *Id.*

10       After this motion was filed, this Court's Order on the individual defendants' Renewed

11   Motion for Summary Judgment was entered.  Dkt. 121.  That order dismissed the individual

12   defendants.  Dkt. 121.  Accordingly, the individual defendants' Motion for Determination of

13   Sufficiency of Answers to Requests for Admission (Dkts. 112) should be stricken as moot.  The

14   City of Vancouver's motion (Dkt. 114) remains and will be addressed below.

15                                    **DISCUSSION**

16       Pursuant to Fed. R. Civ. P 36(1):

17           A party may serve on any other party a written request to admit, for purposes of
             the pending action only, the truth of any matters within the scope of Rule 26(b)(1)
18           relating to:
             (A) facts, the application of law to fact, or opinions about either; and
19           (B) the genuineness of any described documents.

20   Under Rule 36(4), if a matter is not admitted, it must be denied or the answering party must

21   "state in detail" why it cannot truthfully admit or deny it.  "The answering party may assert lack

22   of knowledge or information as a reason for failing to admit or deny only if the party states that it

23

24

ORDER ON DEFENDANT'S MOTION FOR
DETERMINATION OF SUFFICIENCY OF
ANSWERS TO REQUESTS FOR ADMISSION- 2

1   has made reasonable inquiry and that the information it knows or can readily obtain is

2   insufficient to enable it to admit or deny." *Id.*  The rule also provides that:

3        The requesting party may move to determine the sufficiency of an answer or
         objection. Unless the court finds an objection justified, it must order that an
4        answer be served. On finding that an answer does not comply with this rule, the
         court may order either that the matter is admitted or that an amended answer be
5        served. The court may defer its final decision until a pretrial conference or a
         specified time before trial. Rule 37(a)(5) applies to an award of expenses.

6   Fed. R. Civ. P. 36(6).

7        The City of Vancouver moves to have the Court rule on the sufficiency of Plaintiffs'

8   answers to the following requests for admissions:

9        **Request 1**: "Admit or deny that at the time Nikkolas Lookabill was shot, he had in the

10  front pocket of his sweatshirt a Taurus .45 caliber gun with a full clip and one unfired round in

11  the chamber."

12       **Response**: **"**Plaintiffs admits that Lookabill was in possession of a 45 caliber gun at the

13  time of his death and the photographs submitted by defendants show the gun and a full clip.

14  Plaintiffs do not have sufficient information to admit or deny the other portions of this request."

15  Dkt. 113, at 47.

16       **Requests 5-12**: Asks Plaintiffs to admit that photographs of the individual defendant

17  officers (and other officers who were at the scene) depict them in the uniforms they worn on

18  September 7, 2010.

19       **Responses**: Plaintiffs admitted either 1) that each picture was of the individual defendant

20  officers and that each picture had a date stamp on them or they stated that 2) they did not have

21  enough information to identify the person in the picture.  Plaintiffs then stated: that "they do not

22  have sufficient information to admit or deny the remaining portions of [these] request[s]."

23  Dkt. 113, at 49-51.

24

ORDER ON DEFENDANT'S MOTION FOR
DETERMINATION OF SUFFICIENCY OF
ANSWERS TO REQUESTS FOR ADMISSION- 3

1    **Request 17**: "Admit or deny that the authenticity and accuracy of the file, "V10-16268

2    Interview Diagram.VNScene", a copy  of which exists in the Evidence Barcode 133519, as the

3    data  and information gathered by Officer Jeff Olsen as part of the Total Station survey

4    performed at the scene of 2900 Fruit Valley Road, Vancouver, WA, on September 7, 2010."

5        **Response**: Plaintiffs admit "that the diagram of the scene is accurate but they lack

6    sufficient information to admit or deny the remaining portions of this request."

7    Dkt. 113, at 52.

8        **Request 18:** Admit or deny that the file "Vl0-16268 DXF.dxf," a copy of which exists on

9    the enclosed DVD-ROM, is a true and accurate export of the data contained in the file, "V10-

10   16268 Interview Diagram.VNScene," a copy of which exists in the Evidence Barcode 133519.

11       **Response**: Plaintiffs admit "that the diagram of the scene is accurate but they lack

12   sufficient information to admit or deny the remaining portions of this request."

13   Dkt. 113, at 52.

14       **Requests 19-21**: Seek Plaintiffs' admission that none of the individual officers had shot

15   any person other than Mr. Lookabill.

16       **Responses:** Plaintiffs admit that is how each officer testified at their depositions, but that

17   Plaintiffs "have no ability to verify that information."

18   Dkt. 113, at 53.

19      The City of Vancouver's motion (Dkt. 114) should be denied.  For the purposes of this

20   motion, Plaintiffs have appropriately responded to the requests.  No award of fees under Rule

21   37(a)(5) is warranted.

22

23

24

ORDER ON DEFENDANT'S MOTION FOR
DETERMINATION OF SUFFICIENCY OF
ANSWERS TO REQUESTS FOR ADMISSION- 4

1

## <u>ORDER</u>

2

It is **ORDERED** that:

3

- The individual defendants' Motion for Determination of Sufficiency of Answers

4

to Requests for Admission (Dkt. 112) **IS STRICKEN AS MOOT;** and

5

- The City of Vancouver's Joinder in the Motion for Determination of Sufficiency

6

of Answers to Requests for Admission (Dkt. 114) **IS DENIED**.

7

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

8

to any party appearing *pro se* at said party's last known address.

9

Dated this 22nd day of June, 2015.

10

11

12

ROBERT J. BRYAN
United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANT'S MOTION FOR
DETERMINATION OF SUFFICIENCY OF
ANSWERS TO REQUESTS FOR ADMISSION- 5